**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JOHN MICHAEL TRIBLE, | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00441-RCJ-WGC |
| vs. | ) | |
| | ) | |
| BANK OF AMERICA, N.A. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This is a standard foreclosure case involving one property. The Complaint filed in state court lists nine causes of action: (1) Unfair Debt Collection Practices Under Nevada Revised Statutes ("NRS") section 649.370; (2) Unfair and Deceptive Trade Practices Under NRS sections 41.600 and 598.0923; (3) Unfair Lending Practices Under NRS section 598D.100; (4) Breach of the Covenant of Good Faith and Fair Dealing; (5) Violation of NRS section 107.080; (6) Quiet Title; (7) Fraud; (8) Slander of Title; and (9) Abuse of Process. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona and does not appear eligible for transfer. Defendants have moved to dismiss. For the reasons given herein, the Court grants the motion.

**I.    THE PROPERTY**

John Michael and Irene Sanchez Trible gave lender Primerit Bank, FSB ("Primerit") a $129,000 promissory note to purchase real property at 21835 Adobe Rd., Reno, NV 89511 (the "Property"). (*See* Deed of Trust ("DOT"), Apr. 3, 1996, ECF No. 9-10). Home Trustee, Inc. was

1  the trustee, and MERS was not party to the DOT. (*See id.*).  In 1999, Plaintiffs borrowed $17,000

2  against the property; U.S. Bank National Association ("USBNA") was the lender, and U.S. Bank

3  Trust Co. ("USBTC") was the trustee. (*See* 1999 Deed of Trust ("1999 DOT"), Oct. 13, 1999,

4  ECF No. 9-11).  Although it is not clear whether it was a refinance that extinguished the DOT or

5  another cash loan secured against the Property, Plaintiffs borrowed $129,000 against the

6  Property in 2001; First Nationwide Mortgage Corp., d.b.a. Cal Fed Lending ("FNMC") was the

7  lender, and Lawrence P. Washington was the trustee. (*See* 2001 Deed of Trust ("2001 DOT"),

8  Dec. 12, 2001, ECF No. 9-12).  In 2002, Irene Sanchez Trible quitclaimed her interest in the

9  Property to John Michael Trible for $10. (*See* Quitclaim Deed, Sept. 27, 2002, ECF No. 9-13, at

10  2).  As of that date, the Property was valued at $189,000. (*See* Decl. of Value, Sept. 27, 2002,

11  ECF No. 9-13, at 4).  John Michael Trible then borrowed $51,993.81 against the Property in

12  2003; Bank of America, N.A. ("BOA") was the lender, and PRLAP, Inc. was the trustee. (*See*

13  2003 Deed of Trust ("2003 DOT"), Oct. 16, 2003, ECF No. 9-14).

14      John Michael Trible refinanced the Property in 2005 for $184,903; BOA was the lender,

15  and PRLAP was the trustee. (*See* 2005 Deed of Trust ("2005 DOT"), Nov. 9, 2005, ECF No. 9-

16  15).  On the same date, he took out a home equity line of credit ("HELOC") against the Property

17  for $130,000. (*See* HELOC DOT, Nov. 9, 2005, ECF No. 9-16).  BOA substituted Recontrust as

18  trustee on the 2005 DOT. (*See* Substitution, Feb. 1, 2010, ECF No. 9-17).  Recontrust filed the

19  notice of default ("NOD") based on a default on the 2005 DOT of unspecified amount as of May

20  1, 2009. (*See* NOD, Feb. 3, 2010, ECF No. 9-19).  Recontrust filed a second NOD based on a

21  default on the 2005 DOT of unspecified amount as of May 1, 2009. (*See* NOD, July 19, 2010,

22  ECF No. 9-18).  The foreclosure was statutorily proper, as Recontrust was the properly

23  substituted trustee on the 2005 DOT. *See* Nev. Rev. Stat. § 107.080(2)(c).  Recontrust noticed a

24  trustee's sale for April 26, 2011. (*See* Notice of Trustee's Sale ("NOS"), Apr. 5, 2011, ECF No.

25  9-21).  The Property is not eligible for the state Foreclosure Mediation Program ("FMP"). (*See*

1  Certificate, Oct. 19, 2010, ECF No. 9-20).

2  **II.  ANALYSIS**

3        The foreclosure was statutorily proper because the properly substituted trustee on the
4  2005 DOT filed the NOD, and Plaintiff does not appear to deny default.  The remaining claims
5  fail for reasons given in substantively similar cases.

6                                **CONCLUSION**

7        IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 9) is GRANTED.

8

9        IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

10        IT IS SO ORDERED.

11  Dated this 27th day of October, 2011.

12

13                                  _____
                                    ROBERT C. JONES
                               United States District Judge